IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NACQUEESE HUMPHREY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF MARYLAND CIRCUIT ) <br> COURT FOR WORCESTER COUNTY, ) <br> et al., ) <br> ) <br> Defendants. ) | Civil Action No.: 23-cv-1668-LKG <br><br> Dated: July 24, 2023 |

## MEMORANDUM

Plaintiff Nacqueese Humphrey, who is incarcerated at Maryland Correctional Institution – Hagerstown, filed this civil rights action on June 20, 2023, and has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1, 2. Because Plaintiff appears indigent, his request to proceed without prepayment of the filing fee is granted. However, for the reasons stated below, the Complaint must be dismissed.

Plaintiff alleges that Judge Beau H. Oglesby of the Circuity Court for Worcester County, Maryland, and Public Defender Kristina L. Watkowski violated his Fifth Amendment right to due process by "not issuing [Plaintiff] a removal of counsel hearing and for not holding a hearing for [Plaintiff's] motion to withdraw" in Case Number C-23-CR-19-000237. ECF No. 1 at 2-3. Plaintiff seeks monetary damages. *Id.* at 3.

As noted, Plaintiff filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations … It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Here, Plaintiff seeks monetary relief from three defendants who are either immune from suit or not subject to suit under § 1983. At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Circuit Court for Worcester County is not a "person" subject to suit or liability under § 1983 and therefore the Complaint cannot proceed against the state court. While Plaintiff's public defender, Ms. Watkowski, is a person, she is not a state actor. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Similarly, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454

U.S. 312, 453-54 (1981). As the Complaint states no allegations against Ms. Watkowski outside of her participation in his criminal proceedings, a § 1983 claim cannot proceed against her either.

Furthermore, as to Judge Oglesby, a cause of action cannot be maintained against him because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. Nor are suits against judges the only available means through which litigants can protect themselves from the consequences of judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Id.*

Maryland recognizes "an absolute privilege most notably with respect to judges, attorneys, parties, and witnesses who publish defamatory material during the course of a judicial proceeding." *McDermott v. Hughley*, 317 Md. 12, 22 (1989) (quoting *Gersh v. Ambrose*, 291 Md. 188, 192 (1981)). Statements uttered in the course of a trial or contained in pleadings, affidavits, depositions, and other documents directly related to the case partake of this privilege; they cannot serve as the basis for an action for defamation. *Gill v. Ripley*, 352 Md. 754, 761-62 (1999) (citations omitted); *Miner v. Novotny*, 304 Md. 164, 168 (1985). Derivative judicial immunity is extremely far reaching. A witness is protected from liability even if his motive was malicious, if he knew the statement was false, and if his conduct was otherwise unreasonable. *See Miner*, 304 Md. at 167. The privilege, moreover, remains absolute regardless of whether the defamatory statements are relevant to the subject matter of the proceedings. *See id.*; *Holt v. Camus*, 128 F.Supp.2d 812, 815-16 (D. Md. 1999). As such, Judge Oglesby is immune from suit.

For these reasons, by a separate order that follow, Plaintiff's Complaint must be dismissed.

July 24 2023
Date

LYDIA KAY GRIGGSBY
United States District Judge